PER CURIAM.
The appellant, Jerome Hayes, was indicted by the grand jury of Montgomery County on a charge of aiding a convict to escape from a place of confinement, was convicted as charged, sentenced to thirty months imprisonment in the penitentiary, and appeals to this Court.
The appellant was represented by court appointed counsel at all stages of his trial in the court below, and is here so represented. This cause was submitted to the Court upon briefs and letter of no merit.
The evidence tends to show that on April 1,1976, one Christopher Cooper was lawfully confined in the Montgomery County Jail under a judgment of conviction in the Circuit Court of Montgomery County on a charge of murder in the first degree. One Foster Streeter was at the same time and place confined on a charge of grand larceny. Streeter’s bond was $1,000.00. Appellant, Hayes, with intent to assist Cooper to escape, assisted Cooper in making a bond for $1,000.00 in the name of Foster Street-er, knowing that Cooper would assume Foster Streeter’s name and identity. Appellant further assisted Cooper by addressing Cooper as Foster Streeter in the presence of a deputy sheriff, knowing that Christopher Cooper was not Foster Streeter. The State’s evidence further tends to show that on April 1,1976, Cooper was released on the bond signed in the name of Streeter, and was arrested by the F.B.I. in Washington on April 3, 1976.
Code of Alabama 1940 Recompiled, Title 14, § 157, reads as follows:
“Aiding convicts to escape from place of confinement; rescue. — Any person who conveys into the county jail, or into the penitentiary, or into any convict prison, or into any other lawful place of confinement, any disguise, weapon, tool, instrument, or other thing useful to aid any prisoner to escape therefrom, with intent to facilitate the escape of any prisoner lawfully confined therein under a charge or conviction of felony, or who, by any other act, or in any other way, aids or assists such prisoner to escape, whether such escape be attempted or affected or not, or who rescues, or attempts to rescue, any such prisoner therefrom, or from the lawful custody of any officer or person, shall, on conviction, be imprisoned in the penitentiary for not less than two nor more than ten years.” (Emphasis added.)
We hold there is sufficient evidence in the record to sustain the verdict of the jury finding the appellant guilty as charged in the indictment.
We have examined carefully the entire record, and find from such examination that there is no error in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.